**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 9 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

THOMAS R. LAWRENCE,

        Plaintiff-Appellant,

v.

ALAN J. PETERS; BRENDA
TAYLOR; LARRY POZNER,

        Defendants-Appellees.

No. 99-1448
(D.C. No. 98-D-1401)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **KELLY** , **McKAY** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Thomas R. Lawrence, a chiropractor indicted for medicare fraud, brought an action for extortion and for declaratory and injunctive relief against Brenda Taylor, the federal prosecuting attorney, Alan J. Peters, the federal investigator assigned to prepare the criminal case against Mr. Lawrence, and Larry Pozner, Mr. Lawrence's own defense attorney. He alleged that the defendants conspired to violate his constitutional rights and violated the federal Racketeer Influenced and Corrupt Organization Act (RICO) statutes. He also requested a show cause order as to why defendant Taylor should not be disciplined and an order requiring her to explain how she determined that his indictment should allege Medicare/Medicaid overbilling of $219,000 instead of a lesser amount.

The district court dismissed the entire action pursuant to Fed. R. Civ. P. 12(b)(6) for several reasons. We review the court's dismissal of the complaint *de novo*, accepting as true all well-pleaded allegations and affirming only if it appears beyond doubt that Mr. Lawrence "can prove no set of facts in support of his claim which would entitle him to relief." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quotation omitted).

Using this standard, we have carefully reviewed the district court's order, and for substantially the same reasons as stated in that order, we affirm the dismissal of Mr. Lawrence's suit. The district court attempted to explain to Mr. Lawrence at a hearing that his criminal trial was the proper forum in which to

litigate the allegations in the indictment, and the government correctly argued that Mr. Lawrence's complaint simply prematurely alleged a malicious prosecution case before he had established in his criminal trial that the allegations were unfounded. *See Taylor v. Meacham*, 82 F.3d 1556, 1561 (10th Cir. 1996) (holding that in order to maintain a malicious prosecution claim under § 1983, plaintiff must allege facts tending to prove the common law elements of malicious prosecution and that his Fourth Amendment right to be free from unreasonable seizure has been violated); *Walford v. Blinder, Robinson & Co.*, 793 P.2d 620, 623 (Colo. Ct. App. 1990) (setting forth essential elements of malicious prosecution claim in Colorado: (1) defendant was a party to or assisted in a criminal or civil proceeding against the plaintiff; (2) the proceeding was resolved in favor of plaintiff; (3) there was no probable cause for the proceeding; (4) the defendant was actuated by malice in instituting the proceedings; and (5) the plaintiff was damaged thereby). Contrary to Mr. Lawrence's claim, the district court did not take the position that a prosecuting attorney "who places a completely false figure . . . on an indictment . . . in order to render a defendant *in terrorem* is not guilty of anything." Appellant's Br. at 6 (emphasis in original).

We also reject Mr. Lawrence's claim that the court's use of the word "possible" in a sentence describing Ms. Taylor's participation in the criminal case proves that the district court's order was written either by a law clerk without

knowledge of the true facts or as a result of the court's bias against pro se litigants. *See id.* at 3. The context clearly indicates that the court was describing who the defendants in the lawsuit were, with the word "possible" explaining that Ms. Taylor's job initially was to determine whether criminal charges against Mr. Lawrence should be filed.

Mr. Lawrence likewise misinterprets the requirements of a prima facie showing of a RICO violation and the district court's statements made in conjunction with its ruling. Mr. Pozner withdrew as Mr. Lawrence's attorney on May 12, 1998. *See* R. Doc. 1, Ex. B3. Mr. Lawrence states that he was indicted on June 23, 1999. *See* Appellant's Br. at 3. Mr. Lawrence alleged that Mr. Pozner violated 18 U.S.C. § 1503 (obstructing justice by trying to influence a juror or officer of the court) as part of his RICO claim. In dismissing the RICO action against Mr. Pozner, the district court stated that a violation of § 1503 must relate to a pending federal action against the plaintiff, and no such action was pending. On appeal, Mr. Lawrence argues that the criminal action against him satisfied the "pending" requirement. However, Mr. Lawrence had not even been indicted at the time he alleged that Mr. Pozner violated § 1503, thus the district court properly dismissed the RICO claim.

The judgment of the United States District Court for the District of

Colorado is  **AFFIRMED** .


Entered for the Court


Robert H. Henry
Circuit Judge